(No. 43066.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SYLVESTER HUBBARD, JR., Appellant.

*Opinion filed November 24, 1971.—Rehearing denied Jan. 27, 1972.*

WARD, J., took no part.

WENDELL P. BARBLY, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General; ROBERT A. NOVELLE and JAMES E. STERNIK, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On August 17, 1964, a jury in the circuit court of Cook County found the defendant, Sylvester Hubbard, Jr., guilty of rape and robbery committed on January 30, 1964. He was sentenced to imprisonment for concurrent terms of not less 25 nor more than 50 years on the rape charge, and not less than five nor more than 10 years on the robbery charge. These convictions were affirmed by the appellate court *(People v. Hubbard, 77 Ill.App.2d 14),* and leave to appeal was denied by this court. The defendant's post-conviction petition was denied without a

hearing, and from that denial he has appealed directly to this court.

The opinion of the appellate court sets forth the circumstances under which the defendant had first refused to be represented by the public defender and then had refused to be represented by the private attorney that the court had appointed to represent him after the public defender was permitted to withdraw. They need not be repeated here. In his amended post-conviction petition and in his brief in this court, the defendant suggests various steps which might have been taken if an attorney had actively represented him during the course of his jury trial. These suggestions, first advanced more than five years after the jury's verdict was returned, overlook the fact that the defendant was without counsel because he chose not to be represented by either of the attorneys who had been appointed to represent him, and not because the State had failed in its duty toward him.

The contentions now urged—that those attorneys refused to consider the possibility of his innocence and were unwilling to try his case—were not put forward at any time during the discussions that preceded his trial. If he had said then what he says now, the trial judge could have probed the truth of the charge that he now makes against his appointed lawyers. He did not do so. Instead, his objection at that time was that those lawyers were not competent. And in the appellate court his basic argument, which that court rejected, was that there was no waiver of his right to counsel, because he was not told with sufficient clarity that if he rejected both of the attorneys appointed to represent him, he would have to try his own case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.